## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
_____
PATRICK FRANCIS CROLL,              :
                                    :
              Petitioner,           :
                                    :
     v.                             :  CIVIL NO. 11-214 (NLH)
                                    :
PERRY PHELPS, Warden, and JOSEPH    :        OPINION
R. BIDEN, III, Attorney General     :
of the State of Delaware,           :
                                    :
              Respondents.          :
_____ :
```

**APPEARANCES:**

PATRICK FRANCIS CROLL, Petitioner
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

 *Pro se*

MARIA T. KNOLL, Esquire
Deputy Attorney General
Delaware Department of Justice
Wilmington, DE 19801

 *Attorney for Respondents*

**HILLMAN**, District Judge

 Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Patrick Francis Croll ("Petitioner"). (D.I. 2) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## BACKGROUND

 In January 2008, Petitioner assaulted his girlfriend in the

presence of his two-year old son.  Petitioner physically hit his
girlfriend, hog-tied her with duct tape, cut her with a knife
while taking the duct tape off, and set the doorway to the
bathroom on fire with lighter fluid and matches while she was
inside.  In a separate incident, Petitioner inappropriately
touched his stepdaughter, who was approximately nine years old at
the time. (D.I. 14 at 2)

On February 19, 2008, Petitioner was indicted on charges of
aggravated menacing, second degree assault, possession of a
deadly weapon during the commission of a felony ("PDWDCF"), first
degree reckless endangerment, second degree unlawful
imprisonment, third degree assault, terroristic threatening,
offensive touching, endangering the welfare of a child, malicious
interference with emergency communications, and misdemeanor
criminal theft.  See Croll v. State, 15 A.3d 216 (Table), 2011 WL
486615 (Del. Feb. 9, 2011).  Petitioner was charged in a separate
indictment on March 13, 2008 with first degree unlawful sexual
contact and offensive touching.  Id.

On June 26, 2008, Petitioner pled guilty to charges of
second degree assault, aggravated menacing, PDWDCF, second degree
unlawful contact, and endangering the welfare of a child.  The
State nolle prossed the remaining counts in the two indictments.
After the entry of his guilty plea, Petitioner continued to make
threats against his girlfriend, his son and others.  State v.

2

Croll, 2010 WL 3103396, at *2 (Del. Super. Ct. June 2, 2010).
Petitioner threatened to mutilate and kill his girlfriend when
released from prison.  Id.

     On December 5, 2008, Petitioner moved to withdraw his guilty
plea, contending that he had not been informed of the penalty he
was facing with respect to the second degree assault charge;
rather, Petitioner had been informed, both in the TIS Form and
during the plea colloquy, that he was facing a total consecutive
maximum penalty of thirty-three years, instead of a total
consecutive maximum penalty of forty-one years had the second
degree assault charge been included.  The State, with the
Superior Court's permission, remedied the problem prior to
sentencing by entering a nolle prosequi on the second degree
assault charge; the nolle prosequi acted as a dismissal of that
charge.  (D.I. 16, State's Ans. Br. in Croll v. State,
No.492,2010, at 1 n.1)  Thereafter, the Superior Court denied
Petitioner's motion to withdraw his guilty plea on February 6,
2009, the same day it sentenced Petitioner to thirty-three years
at Level V, suspended after nineteen years for decreasing levels
of supervision.  Petitioner appealed, but the Delaware Supreme
Court dismissed the appeal as untimely.  Croll v. State, 972 A.2d
311 (Table), 2009 WL 1042172 (Del. Apr. 17, 2009).

     On November 2, 2009, Petitioner filed in the Superior Court
a motion for post-conviction relief pursuant to Delaware Superior

Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on post-conviction appeal. See Croll, 2010 WL 3103396; Croll, 2011 WL 486615.

Petitioner timely filed the instant Petition, which asserts three grounds for relief: (1) the Superior Court judge failed to comply with the requirements of Delaware Superior Court Criminal Rule 11 during the plea colloquy, and failed to inform Petitioner of the maximum possible sentence, thereby rendering Petitioner's guilty plea involuntary and unknowing; (2) Petitioner mistakenly waived his constitutional rights during the entrance of plea; and (3) defense counsel provided ineffective assistance during the plea colloquy. Respondents filed an Answer, asserting that the Petition should be dismissed in its entirety. (D.I. 14) The Petition is ready for review.

## STANDARD OF REVIEW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to the AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2254(a).
The AEDPA imposes procedural requirements and standards for
analyzing the merits of a habeas petition in order to "prevent
federal habeas 'retrials' and to ensure that state-court
convictions are given effect to the extent possible under law."
Bell v. Cone, 535 U.S. 685, 693 (2002); see Woodford, 538 U.S.
at 206.

Absent exceptional circumstances, a federal court cannot
grant habeas relief unless the petitioner has exhausted all means
of available relief under state law. 28 U.S.C. § 2254(b);
O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999). The
exhaustion requirement is based on principles of comity,
requiring a petitioner to give "state courts one full opportunity
to resolve any constitutional issues by invoking one complete
round of the State's established appellate review process."
O'Sullivan, 526 U.S. at 844-45; Werts v. Vaughn, 228 F.3d 178,
192 (3d Cir. 2000). A petitioner satisfies the exhaustion
requirement by demonstrating that the habeas claims were "fairly
presented" to the state's highest court, either on direct appeal
or in a post-conviction proceeding. See Lambert v. Blackwell,
134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); Coverdale
v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair
presentation of a claim means that the petitioner must present a
federal claim's factual and legal substance to the state courts

in a manner that puts them on notice that a federal claim is being asserted." Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(internal citations omitted).

If a state's highest court adjudicated a habeas petitioner's claim on the merits, then the federal district court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. Thomas v. Horn, 570 F.3d 105, 115 (3d Cir. 2009). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). Even a summary adjudication of a claim on the merits "unaccompanied by an opinion explaining the reasons relief has been denied" is entitled to § 2254(d) deference. Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 784-85 (2011).

Finally, when reviewing a habeas claim under § 2254(d), a

federal court must presume that the state court's determinations
of factual issues are correct.  28 U.S.C. § 2254(e)(1);  Appel,
250 F.3d at 210.  This presumption of correctness applies to both
implicit and explicit findings of fact, and can only be rebutted
by petitioner upon a showing of clear and convincing evidence to
the contrary.  28 U.S.C. § 2254(e)(1);  Miller-El v. Cockrell,
537 U.S. 322, 341(2003)(stating that the clear and convincing
standard in § 2254(e)(1) applies to factual issues, whereas the
unreasonable application standard of § 2254(d)(2) applies to
factual decisions);  Campbell v. Vaughn, 209 F.3d 280, 286 (3d
Cir. 2000).

## DISCUSSION

Petitioner presented his three habeas claims to the Delaware
Supreme Court on post-conviction appeal, and the Delaware Supreme
Court denied the claims as meritless.  In these circumstances,
the Court must determine whether the Delaware Supreme Court's
decision was either contrary to, or an unreasonable application
of, clearly established Supreme Court precedent, or was an
unreasonable determination of the facts based on the evidence
presented.  See 28 U.S.C. § 2254(d).

### A.  Claims One and Two: Insufficient Plea Colloquy and Involuntary Guilty Plea

In Claim One, Petitioner contends that the plea colloquy was
insufficient because the Superior Court failed to read all plea
forms to him verbatim, as required by Delaware Superior Court

Criminal Rule 11.  Petitioner also argues that the judge violated
Rule 11 by failing to inform him about the penalty associated
with the second degree assault charge, thereby rendering his
guilty plea unknowing and involuntary.  In Claim Two, Petitioner
contends that he mistakenly waived his constitutional rights
during the plea colloquy because he did not have a proper
understanding of those rights, and the Superior Court judge did
not explicitly detail those rights.

A defendant who enters a guilty plea in a state criminal
trial waives his Fifth Amendment right against compulsory self-
incrimination, the right to trial by jury, and the right to
confront his accusers.  See Boykin v. Alabama, 395 U.S. 238, 243
& n.5 (1969).  Consequently, a defendant's guilty plea is
constitutionally valid only if it is knowing, voluntary, and
intelligent, and entered with sufficient awareness of the
relevant circumstances and likely consequences.  See Id. at 242;
Brady v. United States, 397 U.S. 742, 748 n.6, 755 (1970).  A
guilty plea is voluntary if the defendant was advised of the
"permissible range of sentences," Boykin, 395 U.S. at 244 n.7,
including the maximum and mandatory minimum sentence.  See
Jamison v. Klem, 544 F.3d 266, 277 (3d Cir. 2008).

As an initial matter, if Petitioner is arguing that the plea
colloquy was improper under Delaware Superior Court Criminal Rule
11 because the Superior Court judge failed to read the guilty

plea form and other forms verbatim, he has alleged an error of
state law that is not cognizable on federal habeas review.  See
Pulley v. Harris, 465 U.S. 37, 41 (1984); Riley v. Taylor, 277
F.3d 261, 310 n.8 (3d Cir. 2001); Bright v. Snyder, 218 F. Supp.
2d 573, 581 n.1 (D. Del. 2002).

If, however, Petitioner is arguing that his guilty plea was
involuntary and unknowing because he did not willingly and
knowingly waive the constitutional rights articulated in Boykin,
and because he was not informed of the maximum sentence for his
second degree assault charge, the argument is cognizable but
unavailing.  The Delaware Supreme Court rejected this claim on
post-conviction appeal after reviewing the guilty plea agreement,
the guilty plea transcript, and the TIS Form.  The Delaware
Supreme Court explicitly found that Petitioner "discussed the
plea with his defense counsel prior to the proceeding and was
questioned by the judge regarding his understanding of the
consequences of the plea," and that the TIS Form signed by
Petitioner listed the rights he was waiving.  Croll, 2011 WL
486615, at *1.  Relying on this record, the Delaware Supreme
Court held that Petitioner was bound by the representations he
made during his plea colloquy and that his guilty plea was
knowing and voluntary.  Id.

Given Petitioner's failure to provide clear and convincing
evidence to the contrary in this proceeding, the Court must

accept as correct the Delaware Supreme Court's factual findings regarding the plea agreement and the plea colloquy. See 28 U.S.C. § 2254(e)(1); Werts, 228 F.3d at 196. Specifically, the TIS Form Petitioner signed before entering his plea states that he was notified of the minimum mandatory sentence for the weapons offense; that he knew the total consecutive maximum penalty was thirty-three years; and that he understood he was waiving the following constitutional rights: to be represented by counsel at trial, to be presumed innocent until proven guilty, to have a speedy and public trial by jury, to hear and question the witnesses against him, to present evidence in his defense, to testify at trial, and to appeal with the assistance of counsel. The plea colloquy transcript shows that Petitioner was aware of the charges to which he was pleading guilty and that he admitted committing those offenses. The transcript also shows that Petitioner knew he was subject to a two year minimum mandatory sentence for the weapons offense and a maximum aggregate sentence of thirty-three years, and he acknowledged that he was waiving certain rights by pleading guilty. Accordingly, the Court concludes that the Delaware state courts' factual finding that Petitioner's guilty plea was knowing and voluntary constituted a reasonable determination of facts.

The Court's inquiry, however, is not complete, because it must determine if the Delaware Supreme Court's decision is either

contrary to, or an unreasonable application of, clearly established Federal law.  The Court will review Petitioner's constitutional Claims One and Two under § 2254(d)(1) in seriatim.

### 1.  Unknowing Waiver Of Boykin Rights

There is no Supreme Court authority requiring a trial court judge to specifically detail each Boykin right being waived before a criminal defendant's guilty plea can be deemed constitutionally valid.  See United States v. Stewart, 977 F.2d 81, 84-85 (3d Cir. 1992).  Rather, the relevant inquiry is whether the circumstances surrounding the plea demonstrate that the defendant knowingly and voluntarily waived his rights in entering the plea.  Id.;  See North Carolina v. Alford, 400 U.S. 25, 31 (1970).

In this case, although the Superior Court judge did not explicitly identify the rights Petitioner was waiving by entering a guilty plea, defense counsel explained that he had reviewed the rights being waived with Petitioner prior to the colloquy and believed that Petitioner understood that waiver.  The Boykin rights being waived were explicitly listed on the TIS Form signed by Petitioner, and Petitioner confirmed during the colloquy that he understood the rights he was waiving and that he was satisfied with defense counsel's representation of him.  And, notably, Petitioner never indicated that he did not understand the proceedings or the implications of his guilty plea.  For all of

these reasons, the Court concludes that the Delaware state courts reasonably applied clearly established Federal law in holding that Petitioner voluntarily and knowingly waived his <u>Boykin</u> rights.

### 2. Failure To Advise About Maximum Aggregate Sentence

Petitioner contends that his guilty plea was involuntary and unknowing because the trial judge failed to advise him of the sentence for second degree assault and misstated the maximum aggregate sentence for all five offenses as being thirty-three years, rather than forty-one years. During Petitioner's Rule 61 proceeding, the Superior Court acknowledged this mistake but concluded that any error associated with the second degree assault charge was remedied by the dismissal of that charge and by the fact that Petitioner was not sentenced for second degree assault. The Superior Court also explicitly found that the plea colloquy was proper in all other respects as to the remaining four charges to which Petitioner pled guilty. The Delaware Supreme Court affirmed the Superior Court's decision and specifically held that Petitioner's plea was entered knowingly and voluntarily.

By denying Petitioner's argument and noting that any error with respect to the second degree assault charge was remedied by the actual sentence imposed, the Delaware state courts implicitly held that the trial judge's failure to advise Petitioner about

12

the maximum aggregate penalty constituted a non-structural error which did not necessitate automatic reversal. The Court cannot conclude that these decisions are contrary to, or an unreasonable application of, clearly established Federal law.

To begin, although clearly established Federal law requires a criminal defendant in state court to be informed of the maximum possible sentence in order for his guilty plea to be considered knowing and voluntary, there is no Supreme Court precedent holding that the failure to apprise a defendant of the maximum possible sentence constitutes reversible error. See e.g. Ruelas v. Wolfenbarger, 130 S.Ct. 3322 (2010) (denying petition for writ of certiorari to consider whether the Sixth Circuit erred in holding that defect during defendant's state court guilty plea colloquy did not constitute a structural error); United States v. Dominguez Benitez, 542 U.S. 74, 84 n.10 (2004) (in case involving Federal defendant and Rule 11 error, plea colloquy defect is not structural error). If the Supreme Court has never addressed a specific claim, then it cannot be said that the state court unreasonably applied clearly established Federal law on that issue, or that its decision is contrary to such Federal law. See Carey v. Musladin, 549 U.S. 70, 77 (2006). Moreover, there is significant precedent indicating that errors occurring during the plea process constitute non-structural constitutional errors that are reviewable under the harmless error standard articulated in

Brecht v. Abrahamson, 507 U.S. 619 (1993).  See Neder v. United States, 527 U.S. 1, 8 (1999)("if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis[;] we have found an error to be structural, and thus subject to automatic reversal, only in a very limited class of cases."); Johnson v. Pinchak, 392 F.3d 551, 566 n. 6 (3d Cir. 2004) ("there is significant prior precedent for requiring harmless error analysis in the plea bargaining context."); United States v. Dixon, 308 F.3d 229, 234 (3d Cir. 2002) (applying harmless error analysis where petitioner was misinformed about his maximum possible sentence).  Therefore, the Court cannot conclude that the Delaware state courts' failure to treat the defect in Petitioner's plea colloquy as a structural error warrants relief under § 2254(d)(1).

In turn, the Court concludes that the Delaware state courts' implicit holding that the plea colloquy error in Petitioner's case was harmless does not warrant relief under § 2254(d)(1). Pursuant to the Brecht standard, habeas relief may only be granted when the error had a substantial and injurious effect or influence on the outcome of the case.  Brecht, 507 U.S. at 623. In the context of a guilty plea, the focus is on the effect that any misinformation given to a defendant would reasonably have had on his decision to plead guilty.  See Dominquez Benitez, 542 U.S.

14

at 83. A court making this determination must review the entire record. See Dixon, 308 F.3d at 235.

In Delaware, absent clear and convincing evidence to the contrary, a defendant is bound by his answers on the TIS form and by his testimony at the plea colloquy. See Schofield v. State, __ A.3d __, 2012 WL 589274 (Del. Feb. 22, 2012); Scarborough v. State, 938 A.2d 644, 650 (Del. 2007). Here, Petitioner's TIS Form did not include any charge for second degree assault or specify a sentence for second degree assault, but rather, specifically stated that Petitioner's potential maximum aggregate sentence was thirty-three years. Similarly, during the plea colloquy, Petitioner reaffirmed his understanding that he faced a maximum aggregate sentence of thirty-three years. Significantly, Petitioner does not argue that he would not have entered his guilty plea if he had been advised of the sentence for the second degree assault count (or of the maximum aggregate sentence). Petitioner does not address why he would have benefitted from going to trial, he has not claimed innocence, he has not referred to weaknesses in the State's case, and he has not alleged possible defenses. Nothing in the record indicates that Petitioner's decision to assert in open court that he committed the crimes for which he was charged was likely to be affected by the differences in the possible punishments. And finally, considering that Petitioner received the maximum aggregate

thirty-three year sentence about which he was informed and to which he agreed, and which was well-below the actual maximum aggregate sentence of forty-one years, Petitioner clearly received more of a benefit than the one for which he bargained. See Bauder v. Dep't. of Corrs. Fla., 333 F. App'x 422, 423 (11th Cir. 2009)("a defendant's plea is not to be set aside as involuntary [even if he was misinformed about the maximum possible sentence, so long as] he receives a sentence less than the law permitted or less than the defendant was informed that the court could impose.")(non-precedential). In short, a review of the entire record makes clear that the trial judge's failure to warn Petitioner of the aggregate maximum forty-one year sentence did not have an effect on Petitioner's decision to plead guilty. Thus, even if the Superior Court judge's failure to advise Petitioner of the maximum possible sentence for the second degree assault charge triggers constitutional concerns, Petitioner is not entitled to habeas relief for this Claim because any error in this regard was harmless.

And finally, based on the foregoing record and analysis, the Court concludes that the Delaware Supreme Court reasonably rejected Petitioner's argument that the Superior Court judge's misstatements about the maximum aggregate sentence rendered Petitioner's guilty plea involuntary or unknowing with respect to the other four charges. As previously explained, the TIS Form

and plea colloquy clearly demonstrate Petitioner's knowledge of the rights he was waiving and that he could be sentenced to a maximum aggregate penalty of thirty-three years for the charges in the plea agreement.  Petitioner has not provided any evidence rebutting that finding.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings.").  Accordingly, the Delaware Supreme Court's holding that Petitioner entered his guilty plea knowingly and voluntarily with respect to those charges is neither contrary to, nor an unreasonable application of, Supreme Court precedent.

**B.  Claim Three: Ineffective Assistance**

In Claim Three, Petitioner contends that defense counsel provided ineffective assistance by "standing silently by while knowing full well it was the [Superior Court's] primary duty to inform [Petitioner] of his Constitutional Rights."  (D.I. 3 at 15).  The Delaware Supreme Court denied Petitioner's ineffective assistance of counsel claim as meritless.  Therefore, the Court must determine if the Delaware Supreme Court's decision is either contrary to, or an unreasonable application of, clearly settled Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged

standard enunciated by Strickland v. Washington, 466 U.S. 668

(1984) and its progeny.  See Wiggins v. Smith, 539 U.S. 510

(2003).  Under the first Strickland prong, a petitioner must

demonstrate that "counsel's representation fell below an

objective standard of reasonableness," with reasonableness being

judged under professional norms prevailing at the time counsel

rendered assistance.  Strickland, 466 U.S. at 688.  Under the

second Strickland prong, a petitioner must demonstrate "there is

a reasonable probability that, but for counsel's error the result

would have been different."  Id. at 687-96.  A reasonable

probability is a "probability sufficient to undermine confidence

in the outcome."  Id. at 688.  In the context of a guilty plea, a

petitioner satisfies Strickland's prejudice prong by

demonstrating that, but for counsel's error, there is a

reasonable probability that he would have insisted on proceeding

to trial instead of pleading guilty.  See Hill v. Lockhart, 474

U.S. 52, 58 (1985).  Although not insurmountable, the Strickland

standard is highly demanding and leads to a "strong presumption

that the representation was professionally reasonable."

Strickland, 466 U.S. at 689.

Notably, the Court must apply a doubly deferential standard

of review when analyzing an ineffective assistance of counsel

claim under § 2254(d)(1).  "The pivotal question is whether the

state court's application of the Strickland was unreasonable.

18

This is different from asking whether defense counsel's performance fell below _Strickland_'s standard." _Richter v. United States_, ___ U.S. ___, 131 S.Ct. 770, 785 (2011). When assessing prejudice under _Strickland_, the Court must determine if petitioner has shown "a substantial, not just conceivable" likelihood that the outcome of the case would have been different if counsel had performed otherwise. _Id._ at 792. In sum, when viewing a state court's determination that a _Strickland_ claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." _Id._ at 786.

In Petitioner's case, the Delaware Supreme Court correctly identified the _Strickland/Hill_ standard and analyzed the instant ineffective assistance of counsel claim within its framework.[1] Therefore, the Court concludes that the Delaware Supreme Court's denial of Claim Three is not contrary to _Strickland_ or _Hill_. _See Williams_, 529 U.S. at 406.

The Court also concludes that the Delaware Supreme Court's denial of Claim Three constituted a reasonable application of the _Strickland/Hill_ standard to the facts of Petitioner's case. First, the record belies Petitioner's assertion that defense counsel stood silently at the plea hearing. The plea colloquy

---

[1] The Delaware Supreme Court cited to _Albury v. State_, 551 A.2d 53, 59-60 (Del. 1988), which, in turn, applied the _Strickland/Hill_ standard.

19

transcript contains defense counsel's description of the numerous conversations he held with Petitioner during the course of his representation and how he informed Petitioner in detail of the rights he was waiving. Counsel's Rule 61 affidavit reiterates these details of counsel's representation of Petitioner, and the description of his efforts are consistent with the TIS form and the plea colloquy transcript. Consequently, the Court finds that Petitioner has failed to establish that counsel performed deficiently in the manner he asserts.

Petitioner also cannot establish the requisite prejudice under the Strickland/Hill standard. Petitioner faced trial on seventeen separate charges in three cases and a potential sentence of more than eighty years in prison if tried and convicted on all the charged offenses. The maximum potential sentence for the five charges in the plea agreement was forty-one years of imprisonment. Due to the omission of the second degree assault offense on the TIS Form and at the plea colloquy, Petitioner actually received the additional and unintended benefit of only being convicted of four offenses, not five, and of being sentenced to thirty-three years of imprisonment, rather than the potential forty-one years. Given this substantial benefit, Petitioner cannot demonstrate a reasonable probability that he would not have pled guilty but for counsel's performance.

In sum, applying "doubly deferential judicial review" to

Petitioner's ineffective assistance of counsel argument, the Court concludes that the Delaware Supreme Court's denial of his contention was neither contrary to, nor an unreasonable application of, Strickland. Accordingly, the court will deny Claim Three in its entirety.

### C. Pending Motions

During the pendency of this proceeding, Petitioner filed a "Motion to Amend Pleading" (D.I. 19), purportedly to clarify and supplement the arguments he previously asserted. Although the Motion to Amend Pleading was docketed by the Clerk as a Motion to Amend Petition, and treated as an impermissible Motion to Amend Petition by the State, it appears that Petitioner was actually asking for permission to amend his Reply (D.I. 17; D.I. 18) to Respondent's Response (D.I. 14). See (D.I. 22; D.I. 23) In these circumstances, the Court will grant Petitioner's Motion to Amend his Reply. However, the Court notes that, during its review of this case, it only considered Petitioner's Reply, Supplemental Reply, and Amended Reply to the extent those documents clarify and supplement the three Claims presented in Petitioner's Petition (D.I. 2; D.I. 3). The Court did not consider any new claims asserted in the aforementioned filings by Petitioner.

Petitioner also filed a Motion for the Appointment of Counsel. (D.I. 21). For the reasons set forth above, the Court

has concluded that none of the Claims in the Petition warrant habeas relief. Accordingly, the Court will deny Petitioner's request for the appointment of counsel as moot.

## **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. <u>See</u> 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability for these claims.

**CONCLUSION**

For the reasons discussed, Petitioner's Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.


Dated: March 19, 2012                         /s/Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.